Benjamin Brenner, J.
The jury verdict of $18,000 did seem to me to be excessive but unless it does and should shock my conscience, it cannot be disturbed (Banks v. Begell, 1 A D 2d 726, affd. 2 N Y 2d 736). Implicit in the verdict are findings of a fissure fracture of the skull of the infant plaintiff who, when he was injured, was seven years of age, and such sequelae of cerebral concussion as frequent headaches, numbness of the arm, nervousness and behavior abnormalities, some of which were noted in the school record several years following the occurrence. It is that record which may have persuaded the jury that, despite his intelligence and repeated promotions, he was accurately described by his teacher as “ leading the parade ” in restlessness.
Now it is quite true, as doctors often explain, that a concussion may be more serious without a fracture to a child’s skull than a concussion with one. Obviously, the jury felt that this infant’s injuries were serious because it believed, despite defendants’ vigorous contention to the contrary, that he did sustain a fissure fracture and has since been emotionally affected by the accompanying concussion and the protracted nature of that injury is substantiated by the school record. I am, of course, aware that it is the jury’s peculiar function to fix compensatory damages and that it should not be interfered with by the trial court when the evidence sustains the finding (Brown v. McChesney, 279 App. Div. 825; Banks v. Begell, supra); but the evidence does not wholly support the finding. Hence the shock which I experienced on rendition of the verdict was no mere tremor and was the real thing, for it is undisputed that the infant’s own neurologist, and the only one who ever examined him neurologically some six months following the accident, found no abnormalities. It is similarly undisputed that medical attention for the child’s occasional headaches was neither sought nor received for the past three years. I therefore have no alternative but to extend relief similarly allowed in a somewhat analogous case wherein a verdict of $10,000 was reduced to $5,000 (Ruppert v. Board of Educ., 265 App. Div. 1018, affd. 290 N. Y. 793).
The motion to set aside the verdict as excessive is granted and a new trial ordered unless plaintiff will stipulate on or before May 1,1963 to accept a reduction thereof to $12,500 which sum accords to the plaintiff every favorable inference of damage sustained.